IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE F. SHARPER, JR., | § | |
| TDCJ. No. 02349400, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-00924-B-(BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner Willie F. Sharper, Jr., seeks federal habeas relief under 28 U.S.C. § 2241, challenging the results of a disciplinary proceeding. *See* Pet. (ECF No. 3). As explained below, the Court should deny the petition because the issue presented is now moot.

In a single ground for relief, Petitioner alleges that the Texas Board of Pardons and Paroles (Board) violated the Eighth Amendment and Title 37, sections 150.55 and 150.56 of the Texas Administrative Code by imposing conditions on his release. Pet. at 6. Specifically, Petitioner alleges that the Board imposed an FI-6R condition that delayed his release; that parole officers at the Garland Regional Parole Office and the Hutchins Unit made false statements to his family concerning the availability of his approved release conditions; and that he was pressured to accept an electronic monitor or a halfway house placement. *See id.* at 6, 20-23. According to Petitioner, these actions ultimately caused him to forgo parole and instead discharge his sentence.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). And although this case-or-controversy requirement continues throughout all stages of federal judicial proceedings, release from custody may render a petition moot if there are no continuing collateral consequences sufficient to satisfy Article III. *Spencer v. Kemna*, 523 U.S. 1, 14 (1998).

Here, the Petition reflects that Petitioner's sentence expired on March 30, 2025, which he identifies as both his projected release date and maximum expiration date.[1] Pet. at 3, 26. Public records likewise confirm that Petitioner is no longer confined.[2] Because Petitioner remained incarcerated until his sentence expired at its maximum term, he is not subject to parole supervision or any of the release conditions challenged in this action. Thus, there is no continuing injury arising from those conditions that this Court can remedy. Nor has Petitioner

[1] Petitioner signed the Petition on March 8, 2025. Pet. at 16. The Court received and docketed the Petition on April 14, 2025—approximately two weeks after Petitioner's sentence expired on March 30, 2025. *See id.* The Court thereafter mailed an order and notice to Petitioner, but the mail was returned as undeliverable, with the notation that Petitioner had been discharged. *See* ECF No. 4.

[2] *See* TDCJ Inmate Information Details, available at TDCJ Inmate Search-https://inmate.tdcj.texas.gov/ (last visited Sept 18, 2026).

identified any collateral consequence sufficient to preserve a live case or controversy. *See Spencer*, 523 U.S. at 8-14.

Accordingly, because he has now been released, the Petition no longer presents a live case or controversy, the District Judge should **DISMISS** the Petition [ECF No. 3] **WITHOUT PREJUDICE** as moot for lack of subject-matter. *See* FED. R. CIV. P. 12(b)(1).

SO RECOMMENDED on September 18, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).